UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| JON BYRUM AND REBECCA BYRUM,      ) | |
|                  **Plaintiffs**      ) | |
|             vs.      ) | Civil Action No. 5:09-cv-124-R |
| LEWIS "LIVY" LEAVELL, JR.,      ) | |
| *in his official capacity*      ) | Electronically Filed |
| *as Sheriff of Christian County, Kentucky*      ) | |
| and ROBERT SCHNEIDER, individually,      ) | |
|                  **Defendants**      ) | |

**ANSWER**

Come the Defendants, by counsel, and for their Answer state:

1.  These Defendants admit numerical Paragraphs 1, 2, and 3 of the Plaintiffs' Complaint.

2.  These Defendants admit numerical Paragraphs 4 and 5 of the Plaintiffs' Complaint but deny the Plaintiffs are entitled to recover anything.

3.  The Defendants admit so much of numerical Paragraph 7 that alleges that on July 2, 2008 the Plaintiffs were arrested; said arrest arose after the Defendant Schneider was called to the Byrums' residence to assist their suicidal son; however, these Defendants deny so much of numerical Paragraph 7 as alleges the arrests were "wrongful."

4.  These Defendants admit numerical Paragraphs 8 and 9 of the Plaintiffs' Complaint.

5.  These Defendants deny numerical Paragraphs 10 and 11 of the Plaintiffs' Complaint.

6. These Defendants deny numerical Paragraphs 12 and 13 of the Plaintiffs' Complaint.

7. These Defendants are without sufficient knowledge, information or belief to admit or deny numerical Paragraph 14 of the Plaintiffs' Complaint and therefore deny same.

8. These Defendants deny numerical Paragraphs 15 and 16 of the Plaintiffs' Complaint.

9. These Defendants deny numerical Paragraphs 17, 18, 19 and 20 of the Plaintiffs' Complaint.

10. These Defendants deny numerical Paragraphs 22, 23 and 24 of the Plaintiffs' Complaint.

11. These Defendants deny numerical Paragraphs 26, 27 and 28 of the Plaintiffs' Complaint.

12. These Defendants deny numerical Paragraphs 30, 31, 32 and 33 of the Plaintiffs' Complaint.

13. These Defendants deny numerical Paragraphs 35, 36, 37 and 38 of the Plaintiffs' Complaint.

14. These Defendants admit numerical 40 of the Plaintiffs' Complaint.

15. These Defendants admit numerical 41 of the Plaintiffs' Complaint but deny the acts of the Defendant Schneider were wrongful.

**AFFIRMATIVE DEFENSES**

16. To the extent any one or more of the Defendants herein, have not been properly served with process, these Defendants plead insufficiency of service of process.

17. Some of the claims made in the Plaintiffs' Complaint may be barred by the applicable statute of limitations.

18. No act or omission of the individual Defendants violated any clearly established rights of the Plaintiffs under the laws or Constitution of the United States or The Commonwealth of Kentucky, thus, entitling the individual Defendants to qualified and/ or absolute immunity from suit.

19. The Defendants, in their official capacity, are subdivisions of the Commonwealth of Kentucky and thus entitled to sovereign immunity which is a bar to the Plaintiffs' Complaint.

20. Plaintiffs' injuries and damages, if any, was solely caused by the acts or omissions of the Plaintiffs.

21. At all times relevant hereto, the Defendant Schneider, individually, was acting in good faith in performing discretionary functions, thus entitling him to official immunity from suit, in his individual capacity, with respect to any claim arising out of the laws of the Commonwealth of Kentucky.

22. The Complaint fails to state a claim against these Defendants upon which relief can be granted.

23. If these Plaintiffs have been damaged as alleged, which is specifically denied, such damage is as a result of the intentional acts of their fellow Plaintiffs, over whom the Defendants have no authority or control.

24. If these Plaintiffs have been damaged as alleged, which is specifically denied, they have in whole or in part, failed to mitigate their damages and, therefore should be barred from recovery.

25. At all times complained of, these Defendants either or both of them were acting in their official capacity in the course and scope of their employment and therefore were acting under privilege to engage in said conduct.

26. The Plaintiffs' Complaint is barred by the Doctrine of Intervening and/ or Superseding Cause.

27. The Plaintiffs' Complaint is barred by the Doctrine of Contributory/ Comparative Negligence alternatively, the negligent or intentional acts of one or more of the Plaintiffs' contributed to the claims and alleged resulting injuries to the Plaintiffs either or both of them.

28. These Defendants reserve the right to plead further herein, and specifically reserve the right to amend this Answer and to assert any and all other affirmative defenses which facts developed during discovery might reveal to be appropriate.

WHEREFORE the Defendants demand:

(a) That the Plaintiffs' Complaint be dismissed and held for naught;

(b) Their cost and attorney fees herein expended;

(c) Trial by jury on all issues so triable; and,

(d) Such other and further relief to which these Defendants may appear entitled.

This 3rd day of August, 2009.

                                              s/Harold M. Johns
                                              Harold M. Johns
                                              12 Public Square
                                              P.O. Box 746
                                              Elkton, Kentucky 42220
                                              Telephone: (270) 265-2912
                                              Facsimile: (270) 265-2054
                                              hmjohns@johnslawfirm.com
                                              *Attorney for the Defendants*

J. Michael Foster
209 East 14th Street
P.O. Box 24
Hopkinsville, Kentucky 42240
Telephone: 270-886-1272
Facsimile: 270-886-3910
mfoster@hopkinsville.net
*Co-Counsel*

**CERTIFICATE OF SERVICE**

On the 3rd day of August, 2009 the undersigned filed this document through the ECF system, which will send a notice of electronic filing to:

Hon. Kenneth R. Haggard
800 South Virginia Street
P.O. Box 4037
Hopkinsville, KY 42240
kenslaw@ccol.net
*Attorney for the Plaintiffs*

s/<u>Harold M. Johns</u>